# EXHIBIT A

FILED
OCT 14 2014
WA SECRETARY OF STATE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

LAURENCE N. BURTON and JANET K. BURTON, Husband and Wife,

Plaintiffs,

v.

BANK OF AMERICA, N.A., RESURGENT MORTGAGE SERVICING, RESURGENT CAPITAL SERVICES, L.P., SHELLPOINT MORTGAGE SERVICING, and THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5,

Defendants.

Case No. 14-2-12817-2

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

RECEIVED
OCT 23 2014
THE BANK OF N.Y. MELLON
LEGAL DEPT.

## INTRODUCTION

Plaintiffs allege that Defendants violated the Foreclosure Fairness Act and the Washington Consumer Protection Act when they failed to act in good faith during the foreclosure mediation process. Because of the multiple changes in servicers, among other things, the mediation was delayed for more than a year, while the borrowers continued to re-submit the required documentation. On August 15, 2014, the mediator issued a finding of bad faith against certain

COMPLAINT - 1

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

defendants named herein. Plaintiffs file this complaint for damages and equitable relief and alleges as follows:

## I. PARTIES

1. Plaintiffs are Washington residents residing in Tacoma, Pierce County, and owners of the subject owner-occupied real property in Tacoma, Washington.

2. Defendant Bank of America, N.A., (BANA) upon information and belief, is a Delaware corporation and is a financial institution engaged in the mortgage lending industry.

3. Defendant Resurgent Capital Services, L.P., (RCS) is upon information and belief, the parent corporation of defendant Resurgent Mortgage Servicing, and is a Delaware corporation doing business in Washington with UBI #602043820.

4. Resurgent Mortgage Servicing, is upon information and belief, wholly owned by Defendant Resurgent Capital Services (RCS), a Delaware corporation, and engages in loan servicing in Washington, from their primary offices in Greenville, South Carolina and Troy, Michigan.

5. Defendant Shellpoint Mortgage Servicing is upon information and belief, a Delaware corporation not licensed to do business in Washington, and is engaged in the mortgage servicing industry in Washington despite its failure to register as a corporation with the Secretary of State.

6. Defendant THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5 is believed to be at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of Washington is unknown. Defendant BONY appears to be a corporate entity functioning as an alleged trustee for another entity and Defendant (CWABS, Inc., Asset-Backed Certificates, series

COMPLAINT - 2

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

2005-AB5, domicile and authority to do business in Washington also being unknown) which, on information and belief, issued securities which may or may not have been properly registered, and in the form of either collateralized mortgage obligations (CMOs) or collateralized debt obligations (CDOs), or other form of special purpose investment vehicle or exotic instrument which may be collateralized in whole or in part by the Deed of Trust which is the subject of this action, and where the Certificate holders of the subject securities may have an interest, in whole or in part, in the Deed of Trust and/or the Note the subject of this action.

## II. JURISDICTION AND VENUE

7.  Jurisdiction and venue are proper in Pierce County Superior Court, as Plaintiffs' subject property is located in the city of Tacoma, Pierce County, Washington and Plaintiffs are residents of Tacoma, Pierce County.

## III. STATEMENT OF FACTS

8.  On or about October 28, 2005, Plaintiffs entered into a financial arrangement with Pierce Commercial Bank to purchase real property.

9.  This property is described as:

Beginning at the Northeast corner of the Northeast quarter of the Northwest quarter of the Southwest quarter of Section 36, Township 20 North, Range 3 East of the Willamette Meridian; thence West along the North line of said Subdivision 220 feet; thence South parallel with the East line of said Subdivision 162 feet; thence East parallel with the North line of said Subdivision 220 feet to the East line thereof; thence North along said line 162 feet to the Point of Beginning. Except the North 30 feet for 88th Street East.

The property is more commonly known as 4124 88th Street East, Tacoma, Washington 98446.

10. The Deed of Trust issued with this financing agreement was recorded with Pierce County on October 28, 2005 as instrument number 200510280896.

COMPLAINT - 3

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

11. This Deed of Trust named the Lender as Pierce Commercial Bank, the Borrower as Janet K. Burton and Laurence N. Burton, Wife and Husband and First American Title Insurance as the Trustee.

12. Even though Mortgage Electronic Registration System, Inc. (MERS) is named nowhere on the Deed of Trust in any capacity, on October 17, 2011, MERS recorded an Assignment of Deed of Trust assigning the subject Deed of Trust to The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-AB5. This Assignment bears the signature of one "Alice Rowe Assistant Secretary" for MERS which is dated October 5, 2011.

13. In this Assignment, MERS does not allege that it is a nominee, agent, or other representative acting on behalf of any party, person, or entity. It simply alleges that it is transferring "all beneficial interest" to BONY.

14. On October 26, 2012, Bank of America sent a letter to Plaintiffs informing them that their mortgage loan would be transferred to a new servicer for the handling of all loan servicing needs such as billing, payment processing, and customer support. "Beginning November 16, 2012, your new servicer will be Resurgent Mortgage Servicing, a division of Resurgent Capital Services, L.P." The transfer was to become effective December 1, 2012.

15. Resurgent Mortgage Servicing sent a letter to Plaintiffs dated November 19, 2012 notifying Plaintiffs that effective November 18, 2012, "Bank of America, N.A. has placed your account with Resurgent Mortgage Servicing, a division of Resurgent Capital Services L.P. ("Resurgent") for servicing." Enclosed with the letter was an offer for an automatic payment option, or "ACH Draft

COMPLAINT - 4

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

Authorization" which asserted that Bank of America, N.A. was the current creditor. This assertion was made more than one year after MERS recorded an assignment of the Deed of Trust to BONY.

16. Resurgent sent a letter to Plaintiffs dated November 27, 2012 declaring that their payment was 30 days or more past due and the loan was in default. Enclosed with this letter was a "Borrower Response Package."

17. Resurgent sent a "monthly statement" to Plaintiffs dated December 18, 2012, which declared the principal balance due was $335,999.45, and a negative escrow balance of $-9,599.08.

18. Resurgent sent a letter to Plaintiffs dated December 26, 2012 declaring that "You are hereby notified that the servicing of your mortgage loan, that is the right to collect payments form you, is being transferred from Resurgent Mortgage Servicing, a division of Resurgent Capital Services, L.P. ("Resurgent") to Bank of America, N.A. ("Servicer") effective 01/16/13."

19. Resurgent sent a letter to Plaintiffs dated December 28, 2012. This letter asserted that the Creditor was "Bank of New York as Trustee for CWABS2205-AB5." This letter declared that the loan was 60 days or more past due and that the principle balance due was $335,999.45 and included a "Borrower Response Package."

20. Bank of America sent Plaintiffs a letter dated December 27, 2012, which included a statement of activity in the escrow account from August 2010 through December 2012. This letter declared that it was being sent on behalf of the "Noteholder" but did not state the identity of the Noteholder.

21. On or about January 29, 2013, Bank of America sent a letter to Plaintiffs declaring that the servicing of the Resurgent Mortgage Servicing mortgage loan will be transferred to Bank of America, N.A., effective January 16, 2013, and assigned a new loan number.

COMPLAINT - 5

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

22. On or about January 29, 2013, Bank of America sent a letter to Plaintiffs declaring that the amount of the debt as of January 22, 2013 was $394,411.48, and that *the name of the creditor to whom the debt is owed is Bank of America, N.A. and that Bank of America, N.A. services the loan on behalf of the creditor*, despite the fact that the Deed of Trust was assigned to BONY, and that the MERS ID web site shows that Bank of America is nothing more than the servicer and BONY is the investor.

23. Bank of America sent a Statement to Plaintiffs dated January 30, 2013, which declared that the Principal Balance on that date was $335,999.45, and that the escrow balance was $-9,599.08, but that the escrow payments due were $11,601.10.

24. On May 24, 2013, Plaintiffs requested a referral to mediation to seek a modification of their loan in order to obtain lower monthly payments and keep the home. Plaintiffs' counsel of record in this case referred the case to the WA Department of Commerce (DOC) for mediation pursuant to the Foreclosure Fairness Act, RCW 61.24.163 *et seq*.

25. On May 28, 2013, DOC confirmed their receipt of the Plaintiffs' referral to mediation from counsel of record.

26. The DOC assigned the mediation to Pierce County Center for Dispute Resolution (PCCDR) and Plaintiffs and their counsel received PCCDR's Notice of Foreclosure Mediation Session on or about May 30, 2013. PCCDR scheduled the initial mediation session for August 8, 2013. Plaintiffs promptly paid their portion ($200.00) of the mediation fee as required by the FFA.

27. Since the initial referral, there were at least three changes in servicers that the mediator was able to document. Bank of America was the original servicer, and the first and second mediation sessions were conducted with a representative from Bank of America.

COMPLAINT - 6

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

28. The subsequent mediation sessions were all postponed due to continued loan modification reviews by Bank of America and later on by the other servicers, by changes in servicers, and failure of the servicers and beneficiary to timely provide the documents required by the FFA.

29. At some point after the mediation process began, the servicing was transferred yet again from Bank of America to Resurgent Mortgage Servicing, a company wholly owned by Resurgent Capital Servicing, LLP. At this point in time, because of the multiple changes in servicing back and forth between Bank of America and Resurgent, Plaintiffs were thoroughly confused as to who the servicer was and with whom they should be communicating.

30. Again, several months later in April 2014, the servicing was transferred to Shellpoint Mortgage Servicing, an outfit previously unknown to Plaintiffs or the mediator.

31. During the entire mediation process there were lengthy delays in response times from the servicers and their legal representatives. These delays resulted in Plaintiffs' documentation becoming stale, which also caused further arrearages on the loan, which Defendants knew would inure to their own benefit and to the detriment of Plaintiffs.

32. After a full year in the mediation process, Plaintiffs finally received a decision from the newest servicer, Shellpoint.

33. After this extraordinarily lengthy delay, arrearages on the loan continued to accrue solely as a result of the delay by defendants in complying with the requirements of the FFA. Shellpoint offered Plaintiffs a particularly usurious loan modification trial period plan that would have required higher monthly payments than the original loan payments.

34. Shellpoint determined that Plaintiffs were eligible for an in-house trial period plan based on false information concerning the Plaintiffs' monthly income, which Shellpoint grossly inflated solely

COMPLAINT - 7

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

14

1  at its discretion and not based on information provided by Plaintiffs during the loan modification
2  process.

3  35.    The trial period plan offered Plaintiffs monthly payments of $2,313.76, which is higher than
4  the monthly payments would have been under the note as of October 2010, which was $2,175.13.

5  36.    On or about July 17, 2014, before the mediator issued the Foreclosure Mediation
6  Report/Certification, Shellpoint sent a letter to Plaintiffs entitled "NOTICE OF
7  PREFORECLOSURE OPTIONS." This letter apprised Plaintiffs that they may request mediation
8  under the FFA.

9  37.    On August 15, 2014, the mediator issued a Foreclosure Mediation Report/Certification,
10 which made a finding of bad faith against the servicers for untimely actions in the mediation and
11 frequent change of servicers.

12 38.    On or about August 19, 2014, a mere four days after the mediator issued the Mediation
13 Certification, Shellpoint sent a letter to Plaintiffs entitled "NOTICE OF DEFAULT AND INTENT
14 TO ACCCELERATE." This notice is not in compliance with the Deed of Trust Act as a NOD can
15 only be issued by the beneficiary or the trustee. Shellpoint is neither the beneficiary nor the trustee.

### IV. COUNT I: VIOLATION OF THE DEED OF TRUST ACT AND THE FORECLOSURE FAIRNESS ACT
### RCW 61.24.163 et seq.
### (As to All Defendants)

18 39.    Plaintiffs restate and re-allege the averments in all foregoing paragraphs as if fully set forth
19 herein.

20 40.    Defendants Bank of America, Resurgent, and BONY-Mellon as Trustee for the
21 Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2005-AB5 violated the

COMPLAINT - 8

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

DOTA and the FFA when they colluded to untimely provide the documents required by the FFA mediation statute and regulations.

41. Defendants Bank of America, Resurgent, and BONY-Mellon as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2005-AB5 violated the DOTA and the FFA when they offered a loan modification to Plaintiffs that offered a *higher* monthly payment than Plaintiffs' original monthly payment under the note.

42. These same defendants violated the DOTA and the FFA when they failed to act in good faith during the FFA mediation by changing servicers multiple times, and intentionally creating such a delay that further arrearages would accrue on Plaintiffs' loan, prejudicing Plaintiffs' ability to obtain lower monthly payments.

43. The mediator issued a finding of bad faith based on the delay caused by the servicer(s). Pursuant to the FFA, a finding of bad faith by the mediator creates a cause of action under RCW § 61.24.163(10)(a), (b) and § 61.24.163(14)(a), (c).

44. Defendant Shellpoint, as the successor in interest to Resurgent, acted in collusion with Resurgent and/or Bank of America, N.A. to delay, fraudulently state Plaintiffs' income, and base the trial period plan on this delay and fraudulent information to insist on a higher monthly payment for Plaintiffs. Loan modifications are intended to provide a lower monthly payment to the borrower, not a higher payment.

45. These violations impair Plaintiffs' title, harm their credit rating, and force them to obtain legal counsel to enforce their rights.

46. As a direct and proximate result of the actions of defendants, Plaintiffs suffered damages in an amount to be determined at the time of trial.

COMPLAINT - 9

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

16

## V. COUNT II: VIOLATION OF THE CONSUMER PROTECTION ACT
### RCW 19.86 et seq.
### (As to All Defendants)

47. Plaintiffs restate and re-allege the averments in all foregoing paragraphs as if fully set forth herein.

48. All defendants' actions violated the Washington Consumer Protection Act, RCW 19.86. *et. seq.* Plaintiff and defendants are persons within the scope of the Consumer Protection Act, and the transaction that is the subject of this action involves "trade and commerce" within the meaning of the Consumer Protection Act.

49. The actions and conduct of the defendants described herein and throughout violated RCW 61.24 *et. seq.* to the detriment and damage of the property of Plaintiff and to the detriment of Plaintiff personally, and constitute unfair and deceptive acts and practices in the conduct of trade or commerce affecting the public interest.

50. Pursuant to the Washington Consumer Protection Act, the Plaintiffs are entitled to bring this action for violations of the Washington Consumer Protection Act to enjoin further violations, to recover actual damages sustained, and for costs of suit including reasonable attorney's fees.

51. The actions of the defendants have a public interest impact because they individually and collectively engage in the same behavior and take the same actions with numerous other borrowers/grantors in the state of Washington that cause substantially similar harm to many others. These actions are so pervasive that they cannot be construed as simply limited to private action.

52. Under the circumstances, where defendants have intentionally, willfully, and wantonly violated the Washington Deed of Trust Act and the Foreclosure Fairness Act, RCW 61.24 *et. seq.*,

COMPLAINT - 10

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St., Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

Plaintiff request that this Court, pursuant to RCW 19.86.090, award threefold actual damages as provided by the Statute.

## VI. REQUEST FOR RELIEF

WHEREFORE Plaintiff respectfully requests:

1. For judgment against Defendants for actual and compensatory damages for economic loss and damage to credit;
2. For treble damages and attorneys' fees and costs under the Consumer Protection Act;
3. For an order directing defendants to remove any negative credit from their credit reports.
4. For judgment against Defendants for attorney's fees and costs of this lawsuit;
5. For such other relief as this court deems just, equitable, and proper.

Dated this __24th__ day of September, 2014

                                NATURAL RESOURCE LAW GROUP, PLLC

                                */s/ Jill J. Smith*
                                Jill Smith, WSBA #41162
                                2217 NW Market St., Suite 27
                                Seattle, WA 98107
                                (206) 227-9800 phone
                                (206) 466-5645 fax

COMPLAINT - 11

NATURAL RESOURCE LAW GROUP, PLLC
2217 NW Market St. Suite 27
Seattle, WA 98107
Phone: (206) 227-9800 • Fax: (206) 466-5645

18

# EXHIBIT B

**Pierce County Superior Court Civil Case 14-2-12817-2**

| | |
|---|---|
| Case Title: | LAURENCE N BURTON VS.BANK OF AMERICA NA |
| Case Type: | Commercial |
| Access: | Public |
| Track Assignment: | Standard |
| Jury Size: | |
| Estimated Trial Length: | |
| Dept Judge: | **02 KATHERINE M. STOLZ** |
| Resolution: | |
| Completion: | |

**Litigants**

| Name | Type | Status |
|---|---|---|
| **BURTON, LAURENCE N** | Plaintiff | |
| Attorney for BURTON, LAURENCE N | Type | Bar Number |
| Jill J Smith | Atty for Plaintiff/Petitioner | 41162 |
| **BURTON, JANET K** | Plaintiff | |
| Attorney for BURTON, JANET K | Type | Bar Number |
| Jill J Smith | Atty for Plaintiff/Petitioner | 41162 |
| **BANK OF AMERICA NA** | Defendant | |
| Attorneys for BANK OF AMERICA NA | Type | Bar Number |
| JODY MARIE MCCORMICK | Atty for Defendant | 26351 |
| Steven Joseph Dixson | Atty for Defendant | 38101 |
| **RESURGENT MORTGAGE SERVICING** | Defendant | |
| Attorney for RESURGENT MORTGAGE SERVICING | Type | Bar Number |
| **DONALD GENE GRANT** | Atty for Defendant | 15480 |
| **RESURGENT CAPITAL SERVICES LP** | Defendant | |
| Attorney for RESURGENT CAPITAL SERVICES LP | Type | Bar Number |
| **DONALD GENE GRANT** | Atty for Defendant | 15480 |
| **SHELLPOINT MORTGAGE SERVICING** | Defendant | |
| Attorney for SHELLPOINT MORTGAGE SERVICING | Type | Bar Number |
| **DONALD GENE GRANT** | Atty for Defendant | 15480 |
| **THE BANK OF NEW YORK MELLON** | Defendant | |
| Attorney for THE BANK OF NEW YORK MELLON | Type | Bar Number |
| **DONALD GENE GRANT** | Atty for Defendant | 15480 |

**Filings**

| Filing Date | Filing | Access | Pages | Microfilm |
|---|---|---|---|---|
| 09/29/2014 | FILING FEE RECEIVED $240.00 | Public | 0 | |
| 09/29/2014 | CASE INFORMATION COVER SHEET | Public | 1 | |
| 09/29/2014 | ORDER SETTING ORIGINAL CASE SCHEDULE | Public | 1 | |
| 09/29/2014 | SUMMONS | Public | 2 | |
| 09/29/2014 | SUMMONS | Public | 2 | |
| 09/29/2014 | SUMMONS | Public | 2 | |
| 09/29/2014 | COMPLAINT | Public | 11 | |
| 10/22/2014 | NOTICE OF APPEARANCE | Public | 3 | |
| 11/06/2014 | LETTER FROM DEPARTMENT 2 | Public | 1 | |
| 11/14/2014 | NOTICE OF APPEARANCE | Public | 3 | |
| 11/14/2014 | AFFIDAVIT/DECLARATION OF SERVICE | Public | 1 | |
| 11/17/2014 | NOTICE OF APPEARANCE | Public | 3 | |
| 11/19/2014 | CONFIRMATION OF SERVICE PARTIES TO BE SERVED | Public | 3 | |
| 12/29/2014 | SUPPLEMENTAL CONFIRMATION OF SERVICE | Public | 2 | |

**PURCHASE COPIES**

**Proceedings**

| Date | Calendar | | Outcome |
|---|---|---|---|
| 02/23/2015 | DEPT 02 - JUDGE STOLZ (Rm. 214A) | | |
| | Unconfirmed | 12:00 Status Conference | |

20

| 09/14/2015 | DEPT 02 - JUDGE STOLZ (Rm. 214A) | |
| | Unconfirmed | 12:00 Pretrial Conference |
| 09/28/2015 | DEPT 02 - JUDGE STOLZ (Rm. 214A) | |
| | Confirmed | 9:00 Trial |

**Original Case Schedule Items**

| Event | Schedule Date |
| --- | --- |
| Confirmation of Joinder of Parties, Claims and Defenses | 01/26/2015 |
| Jury Demand | 02/02/2015 |
| Status Conference | 02/23/2015 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 03/23/2015 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 04/20/2015 |
| Disclosure of Rebuttal Witnesses | 06/08/2015 |
| Deadline for Filing Motion to Adjust Trial Date | 07/06/2015 |
| Discovery Cutoff | 08/10/2015 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 08/24/2015 |
| Joint Statement of Evidence | 08/31/2015 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 08/31/2015 |
| Deadline for Hearing Dispositive Pretrial Motions | 08/31/2015 |
| Pretrial Conference | 09/14/2015 |
| Trial | 09/28/2015 |

**Judgments**

| Cause # | Status | Signed | Effective | Filed |
| --- | --- | --- | --- | --- |

This calendar lists Confirmed and Unconfirmed Proceedings. Attorneys may **obtain access rights** to confirm/strike selected proceedings. Currently, any proceedings for the Commissioners' calendars can be stricken, but only Show Cause proceedings for the Commissioners' calendars can be confirmed.

Unconfirmed Proceedings will not be heard unless confirmed as required by **the Local Rules of the Superior Court for Pierce County**.

- Hearing and location information displayed in this calendar is subject to change without notice. Any changes to this information after the creation date and time may not display in current version.
- Confidential cases and Juvenile Offender proceeding information is not displayed on this calendar. Confidential case types are: Adoption, Paternity, Involuntary Commitment, Dependency, and Truancy.
- The names provided in this calendar cannot be associated with any particular individuals without individual case research.
- Neither the court nor clerk makes any representation as to the accuracy and completeness of the data except for court purposes.

Created: Wednesday December 31, 2014 10:38AM

WEBSITE INFORMATION

Privacy Policy
Copyright Notices